UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALFREDO LOPEZ MARTINEZ,<br><br>　　　　　　　　　　　　Defendant. | Case No.: 11cr5788-JAH<br><br>**ORDER DISMISSING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE**<br>**[Doc. No. 44]** |

## INTRODUCTION

Pending before the Court is Defendant Alfredo Lopez Martinez's ("Defendant") Motion for Compassionate Release. *See* Doc. No. 44. After careful review of the pleading submitted, IT IS HEREBY ORDERED the motion is **DISMISSED without prejudice**.

## BACKGROUND

On December 12, 2019, Defendant pled guilty to Counts 1 and 2 of the indictment charging him with Possession of Marijuana with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1), and with Failure to Appear for Court in violation of 18 U.S.C. § 3146(a)(1). *See* Docs. Nos. 1, 22. On July 28, 2020 this Court sentenced Defendant on Count 1 to 46 months in custody and on Count 2 to 30 months in custody, both to run concurrently for a total of 46 months. *See* Doc. No. 43.

On May 7, 2021, Defendant, proceeding *pro se*, filed a motion for Compassionate Release under the First Step Act, citing ongoing health concerns brought by COVID-19 throughout the Bureau of Prisons ("BOP") as the basis. *See* Doc. No. 44. Defendant further contends that he is more acutely affected by the threat of COVID-19, as indicated by his belonging to a category of people listed by the Center of Disease Control ("CDC") as high-risk individuals subject to death or serious complication via COVID-19. *Id.* Based on Defendant's pleading, the Court determines a response from the Government is not necessary at this juncture.

## LEGAL STANDARD

A court generally may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna,* 319 F.3d 509, 511 (9th Cir. 2003). Defendant seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018). The amendment to § 3582(c)(1)(A) provided prisoners with two direct routes to court: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the defendant's facility, "whichever is earlier." 18 U.S.C. § 3852(c)(1)(A). Thereafter, upon considering the applicable factors set forth in section 3553(a), the court may determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id; U.S.S.G. § 1B1.13(1)(A) & cmt. 1.

## DISCUSSION

Defendant's Motion states that on May 2, 2021 he requested Compassionate Release from the Warden at FCI Bastrop, where he is currently in custody. Unfortunately, the requisite 30-days have not lapsed since such request was made.

Despite the plain language of 18 U.S.C. § 3582(c) rendering the exhaustion requirement mandatory, some courts have nonetheless held that requirement can be waived. *See, eg., Wilson v. MVM, Inc.*, 475 F.3d 166, 175 (3d Cir. 2007) (recognizing a narrow futility exception to certain statutory exhaustion requirements); *United States v. Jemal*, 2020 WL 1701706, at *3 (E.D. Penn. April 8, 2020) ("We are not convinced, however, that we must rigidly adhere to the statutory directive that the BOP be provided up to thirty days to address Defendant's compassionate release request, without considering a futility exception to exhaustion."); *United States v. Zukerman*, No. 16 CR. 194 (AT), 2020 WL 1659880, at *4 (S.D.N.Y. Apr. 3, 2020) (holding that defendant's "advanced age and compromised health, combined with the high risk of contracting COVID-19 at Otisville, justify waiver of the exhaustion requirement"); *United States v. Perez*, No. 17 CR. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (holding that defendant's "undisputed fragile health, combined with the high risk of contracting COVID-19 in the [detention center] justifies waiver of the exhaustion requirement").

While the Court is sympathetic to the concerns of Defendant in light of potential health risk resulting from COVID-19, the Court is mindful of Ninth Circuit authority holding that this Court has no authority to consider Defendant's motion until after the Defendant exhausts administrative remedies. *See Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted) ("statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court."). This Court also joins other sister courts in the Ninth Circuit and elsewhere in concluding that this Court has no authority to consider Defendant's motion until the exhaustion criteria of § 3852(c)(1)(A) is met. *See United States v. Garza*, 2020 WL 1485782 (S.D. Cal. March 27, 2020); *United States v. Reid*, 2020 WL 1904598 (N.D. Cal. April 18, 2020) (The futility exception "only applies to judicially created exhaustion requirements, as opposed to the statutory variety at issue here.") (citations omitted); *United States v. Holden*, No. 13-cr-00444, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020); *United States v. Eberhart*, No. 13-cr-00313, 2020 WL 1450745, at *2 (N.D. Cal. March 25, 2020);

*United States v. Fuentes*, 2020 WL 1937398 (E.D. Cal. April 22, 2020); *United States v. Woodson*, No. 18-cr-00845, 2020 WL 1673253, at *3 (S.D.N.Y. Apr. 6, 2020); *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020); *United States v. Meron*, 2020 WL 1873900 (E.D. Cal. April 15, 2020); *see also*, *United States v. Otero*, 2020 WL 1912216, (S.D. Cal. April 20, 2020).

Less than 30-days have passed since Defendant made a request for administrative relief, and he has therefore failed to meet the exhaustion requirement of § 3582(c)(1)(A). Accordingly, the Court does not have jurisdiction over at this time to determine the merits of this motion.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** Defendant's motion is **DISMISSED without prejudice**. Defendant has leave to re-file this motion after complying with the exhaustion of remedies requirement of 18 U.S.C. § 3582 (c)(1)(A).

**IT IS SO ORDERED.**

DATED: May 19, 2021

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE